# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HARLEY Z. KULKIN, | 2:07-CV-1027 JCM (PAL) |
| Plaintiff, | |
| v. | Date:     N/A |
| COUNTY OF NYE, et al., | Time:     N/A |
| Defendants. | |

## ORDER

Presently before the court is plaintiff Harley Kulkin's motion to vacate or set aside judgment under Federal Rule of Civil Procedure 60(b). (Doc. #117). Defendants County of Nye, et al, filed an opposition. (Doc. #122). Plaintiff failed to file a reply.

Plaintiff's complaint (doc. #1), filed on August 3, 2007, stems from a boundary line dispute involving alleged discriminatory actions based upon plaintiff's political views. (Doc. #1). At the close of discovery, defendants moved for summary judgment (doc. #79) on the federal claims before this court, including equal protection, due process, First Amendment retaliation, and unlawful taking.

After plaintiff opposed the motion (doc. #86) and defendants replied (doc. #89), the court entered an order granting the motion for summary judgment on the plaintiff's federal claims. (Doc. #94). In the order, the court held that "plaintiff failed to demonstrate that he is a member of any protected class and also failed to identify anyone similarly situated with the same zoning issues that was treated differently," that plaintiff could not establish "the existence of a constitutionally protected right in the approval of [his] boundary line request," that the "[p]laintiff has not

**James C. Mahan**
**U.S. District Judge**

1    demonstrated that the protected conduct caused or motivated the denial of the requested boundary
2    line adjustment," and that the unlawful taking claim fails because there are no genuine issues of
3    material fact surrounding the claim. (Doc. #94).
4        On February 26, 2010, the plaintiff filed a timely appeal (doc. #101), and the appellate court
5    scheduled the opening brief due on June 7, 2010, and the answering brief due July 6, 2010. (Doc.
6    #105). The appellate court also ordered that failure to comply with the time schedule would result
7    in an automatic dismissal of the appeal. *Id.* On May 6, 2010, attorney for plaintiff filed a motion to
8    withdraw as counsel, which was granted by the appellate court on May 10, 2010. (Doc. #122 Exhibit
9    B and C). Pursuant to the court's order (doc. #122 Exhibit C), the clerk was to provide "a copy of
10   [the] order and the court's pro se informal brief packet to the [plaintiff]" at his address. Additionally,
11   plaintiff was provided an extension to file his opening brief until July 7, 2010, and the court held that
12   in the event plaintiff retains new counsel, "the court will entertain a motion for a further modest
13   extension to file the opening brief." (Doc. #122 Exhibit C).
14       Subsequently, no action was taken at the appellate level, and the United States Court of
15   Appeals for the Ninth Circuit entered an order on October 28, 2010, dismissing the appeal for failure
16   to file the opening brief pursuant to Ninth Circuit Rule 42-1. (Doc. #114). March 1, 2011, nearly five
17   months later, plaintiff filed the present motion to vacate judgment (doc. #117).

18   **Motion To Vacate Judgment**

19       Plaintiff's motion to vacate (doc. #117) is premised upon the belief that it was past counsel's
20   failure to conduct discovery as requested and gross negligence that cause the granting of the motion
21   for summary judgment (doc. #94), which warrants vacating the judgment. It is plaintiff's position
22   that counsel's actions or inactions amount to "extraordinary circumstances" requiring relief under
23   Federal Rule of Civil Procedure 60(b)(6). (Doc. #117).
24       Pursuant to rule 60(b)(6), a district court may "relieve a party or his legal representative from
25   a final judgment, order or proceeding" for any "reason justifying relief from the operation of the
26   judgment." Fed. R. Civ. P. 60(b)(6). A motion made under this section of the rule must be brought
27   within a reasonable time after the entry of the order sought to be set aside. *United States v. Sparks,*
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

685 F.2d 1128, 1129-1130 (9th Cir. 1982).

Plaintiff contends that his motion is similar to that in the case of *Community Dental Services v. Tani,* 282 F.3d 1164 (9th Cir. 2002), where the court found gross negligence due to the fact that Tani wasn't aware that his attorney had defaulted on his answer and that a motion for default was filed. In the present case, plaintiff asserts that counsel acted with gross negligence by filing a motion to withdraw without even informing him of it or of his right to file state law claims, and by not discovering certain evidence that would have presented issues of fact preventing summary judgment. (Doc. #117). Further, plaintiff argues that he was unable to prosecute his appeal because it took him six (6) months of diligently trying to find new counsel, as he is a "small business owner struggling in an economic downturn" with "some, but not unlimited funds and time to pay" a lawyer. *Id.*

## I. Failure To Prosecute Appeal- No Extraordinary Circumstances

However, upon review of the defendants' opposition to the motion (doc. 122), the court has been apprised of a number of facts that negate the assertions by plaintiff and support a denial of the motion.[1] When a plaintiff has appealed a final decision and the circuit court of appeals has dismissed the case for failure to prosecute, such as here, the plaintiff requesting to vacate the judgment of the district court "must establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Plotkin v. Pacific Telephone & Telegraph Co.,* 688 F.2d 1291, 1293 (9th Cir. 1982); *Delman v Barclay Hotel, LLC,* 2009 WL 424345, *2 (C.D. Cal. February 18, 2009). Defendants argue, and this court agrees, that there are no "extraordinary circumstances" that prevented plaintiff from prosecuting the appeal, despite his contention that there are.

### A. Deliberate Choice

First, the evidence demonstrates that the plaintiff made a "deliberate choice" not to pursue the appeal. In *Delman,* the court held that rule 60 motions are "not substitutes for prosecuting an

---

[1] As plaintiff has failed to file a reply rebutting any of the contentions made by the defendants, the court is inclined to take the facts presented in the opposition and attached affidavits as true. Local Rule 7-2(d).

James C. Mahan
U.S. District Judge

- 3 -

1  appeal," and when a litigant makes the deliberate choice not to pursue an appeal, he should not be
2  allowed to bring himself within the "limited area of Rule 60(b)." *Delman,* 2009 WL 424345, *2.
3  Here, it is clear that plaintiff knew that counsel withdrew, as he was mailed a copy of the order from
4  the appellate court not only granting him an extension to file the opening brief, but anticipating the
5  need for additional time in the event that he obtained new counsel. (Doc. #122 Exhibit C).

6  Further, as is apparent from the affidavit of defense counsel Rebecca Bruch (doc. #122
7  Exhibit A) and correspondence dated August 28, 2010 (doc. #122 Exhibit E), September 10, 2010
8  (Doc. #122 Exhibit G), and September 12, 2010 (doc. #122 Exhibit J), defense counsel reminded
9  plaintiff several times that the appellate brief was due or overdue and that default would be entered
10 for failure to comply, but plaintiff *chose* to ignore this. Additionally, plaintiff asserted in an email
11 on September 14, 2010 (doc. #122 Exhibit H), that his "focus is on the last suit [against the Town
12 of Pahrump]," and not on the appeal. This clearly demonstrates that he made a choice not to pursue
13 the appeal and knew of the deadlines and the consequences for default.

### B. Attorney Withdrawal/Diligent Efforts/Lack of Funding

15 Second, contrary to what plaintiff leads the court to believe, counsel did not abandon him
16 without his knowledge and with no time to file the opening brief. As previously discussed, counsel
17 withdrew on May 10, 2010, and the court sent plaintiff notice of the withdrawal granting him
18 additional time in which to file his brief and notifying him it would be willing to extend the deadline
19 further. Plaintiff had between May 10, 2010, and July 7, 2010, to find new counsel or file a *pro se*
20 motion for additional time. He failed to do so, despite his alleged "diligent efforts."

21 In claiming extraordinary circumstances, plaintiff asserts that he diligently tried to find an
22 attorney for six months, but that he was unsuccessful due to his limited funds and time. (Doc. #117).
23 However, the court is not presented with any evidence to support these contentions. Rather, the court
24 had been presented with evidence demonstrating that he was in fact represented by counsel and had
25 adequate means to litigate the appeal. In correspondence between plaintiff and defense counsel
26 during the time the appeal was pending (doc. #122 Exhibit E), plaintiff informed counsel that he was
27 represented and that he would be meeting with his counsel to look over the settlement documents.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Further, in a September 10, 2010, email (doc. #122 Exhibit F) written prior to the dismissal of the
2  appeal, plaintiff stated that "[a]fter seeking legal advise (sic) here is my position."
3     In addition, plaintiff contends that he did not have the money to search and pay for lawyers
4  to review his case. (Doc. #117). However, plaintiff stated in emails (doc. #122 Exhibit I and K), that
5  he had "family that supports [him]" "with $40,000 cash and more as needed," and that "at this
6  moment I have an attorney who specializes in rico." This supports a finding that plaintiff did have
7  the money to find new counsel, was in fact represented by counsel, and was not left without the
8  ability to prosecute his appeal. There is no justification for failing to file the appellate opening brief
9  or for failing to bring the present motion until March 1, 2011, almost one year after counsel
10 withdrew.
11    Therefore, in light of plaintiff's knowledge of the appeal, its upcoming deadlines and the
12 consequences for not filing an opening brief or a request for extension, his deliberate choice not to
13 comply with the court's orders, and the evidence demonstrating that he was represented by counsel
14 and had the means to prosecute his appeal but failed to do so or file this motion in a reasonable
15 amount of time, the court is not inclined to grant the motion to vacate (doc. #117). *Plotkin,* 688 F.2d
16 1291, 1293; *Delman,* 2009 wl 424345, *2; Fed. R. Civ P. 60(b); *United States,* 685 F.2d 1128, 1129-
17 1130.
18    Accordingly,
19    IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Harley Kulkin's
20 motion to vacate or set aside judgment under Federal Rule of Civil Procedure 60(b) (doc. #117) be,
21 and the same hereby is, DENIED.
22    DATED this 25th day of May, 2011.

                                              **UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 5 -